NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0305n.06

Case No. 19-3654

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

EDWIN CASTRO,

    Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)

FILED
Jul 01, 2021
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

OPINION

BEFORE: MOORE, KETHLEDGE, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Gilberto Garcia-Romo is a noncitizen from El Salvador. In his immigration proceedings, Castro sought cancellation of removal under 8 U.S.C. § 1229b(b). To qualify for cancellation of removal, a noncitizen must have been physically present in the U.S. for the ten years preceding his cancellation-of-removal application. 8 U.S.C. § 1229b(b)(1)(A). But that physical-presence period is deemed to stop when a noncitizen receives a proper notice to appear for his immigration proceeding. *Id.* § 1229b(d)(1). That statutory cutoff is called the "stop-time rule." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479 (2021).

Castro received a purported notice to appear in two parts: first, he received a document entitled "Notice to Appear" that charged him as subject to removal; then, a month later, he received a second document providing the date and time of his hearing. *Castro v. Barr*, 795 F. App'x 446, 447 (6th Cir. 2020). The first time this case came before us, our precedent dictated that the

combination of those two documents sufficed to stop Castro's physical-presence period, which meant that he had not reached the ten-year requirement. *Id.* 447–48 (citing *Garcia-Romo v. Barr*, 940 F.3d 192, 201 (6th Cir. 2019), *vacated*, 2021 WL 1725158 (U.S.)). In *Niz-Chavez v. Garland*, the Supreme Court reached the opposite conclusion for a petitioner who received a combination of documents similar to those that Castro received. 141 S. Ct. at 1486. The Court held that the government must provide a single document containing all of the information required by 8 U.S.C. § 1229(a) for the document to be a notice to appear and thus stop a noncitizen's physical-presence period. *Id.* So the Court vacated our decision in Castro's case and remanded it to us. *Garcia-Romo v. Garland*, No. 19-1316, 2021 WL 1725158 (U.S. May 3, 2021).

*Niz-Chavez* makes clear that the combination of the two documents Castro received did not trigger the stop-time rule. 141 S. Ct. at 1486. Because that was the basis for the Board of Immigration Appeals's decision below, we grant Castro's petition for review, vacate the BIA's decision, and remand for proceedings consistent with *Niz-Chavez*.